**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-14080-CIV-MARTINEZ/MAYNARD**

**TIMOTHY S. TURNER,**

    Petitioner,

v.

**RICKY D. DIXON, SECRETARY,**
**FLORIDA DEPARTMENT OF CORRECTIONS,**

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    **THIS CAUSE** is before me on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, DE 1, which is referred to me for a report and recommendation, DE 3. Respondent filed a response with an appendix including thirty-five attached exhibits. DE 6, DE 7. Petitioner Timothy S. Turner ("Turner") filed a reply with an appendix including two additional exhibits. DE 8. I have carefully reviewed the entire record and the applicable law. For the reasons stated below, I respectfully recommend that the Petition be **DISMISSED WITHOUT PREJUDICE** to re-filing after Turner fully exhausts his state remedies.

**BACKGROUND**

    A. The Charges

    On January 21, 2016, Turner was charged in St. Lucie County Circuit Court with three counts of robbery with a deadly weapon. These counts were charged in two separate cases. In the first case, Turner was charged with two counts of robbery with a deadly weapon for entering a Family Dollar Store on December 6, 2015, approaching the checkout counter, pulling up his shirt to expose a black handgun to two clerks, telling the clerks to "give me the money," and fleeing

with approximately $200 in a plastic Family Dollar bag ("Family Dollar Case"). DE 7-1 at 5-10 (Information and Arrest Affidavit, Case No. 56-2015-CF-003484-A). In the second case, Turner was charged with one count of robbery with a deadly weapon for entering a Winn-Dixie on December 17, 2015, approaching the cashier, exposing a black handgun, and demanding money ("Winn Dixie Case"). *Id.* at 12-17 (Information and Arrest Affidavit, Case No. 56-2015-CF-003452-A). The deadly weapon charged in both cases was a BB gun.[1] *Id.* at 5, 16. Assistant Public Defenders Tameika Jackson and Steven Couzens were appointed to represent Turner.

### B. The Guilty Plea

On April 3, 2017, represented by Ms. Jackson, Turner pled no contest to the two counts of robbery with a dangerous weapon in the Family Dollar Case and to the one count of robbery with a dangerous weapon in the Winn Dixie Case. *Id.* at 26-38 (Change of Plea Hearing Transcript). Turner's plea coincided with a written felony plea form signed by Turner. *Id.* at 148-57 (Felony Plea Form). The signed form confirmed that Turner was pleading "no contest" because "the plea is in my best interest even though I am innocent of the charge, charges, or violations, or may have defenses to them." *Id.* at 152. The signed form further stated that the plea was an "[o]pen plea to the court" and "regardless of the recommendations of my lawyer and the State Attorney, the court may sentence me to any legal sentence, including the maximum sentence allowed by law." *Id.* at 149. The plea form acknowledged the maximum possible penalty was "Life on each case." *Id.* at 151.

### C. Sentencing

On May 16, 2017, Turner appeared for sentencing in both cases. *Id.* at 39-60 (Sentencing Hearing Transcript). After hearing from Turner's mother, Turner, and counsel for both sides, the

---

[1] A BB gun uses air pressure to fire metal balls (called BBs). *See Merriam-Webster Online Dictionary*, BB gun, available at: https://www.merriam-webster.com/dictionary/BB%20gun (last accessed Jan. 21, 2025).

state court sentenced Turner to thirty years in prison as to each count to be served concurrently. *Id.* at 57. This sentence was memorialized in separate state court orders issued in each case committing Turner to the custody of Florida's Department of Corrections. *Id.* at 62-68 (Final Judgment and Sentencing Order in the Family Dollar Case); 70-78 (Final Judgment and Sentencing Order in the Winn Dixie Case).

### D. Direct Appeal

On June 9, 2017, the public defender's office appealed both cases on Turner's behalf to Florida's Fourth District Court of Appeal ("Fourth DCA"). *Id.* at 79 (Notice of Appeal in the Family Dollar Case); 81 (Notice of Appeal in the Winn Dixie Case). The Fourth DCA consolidated the cases. *Id*. at 83. On August 31, 2017, the public defender's office moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), representing to the appellate court that counsel's conscientious examination of the record led counsel to conclude that there were no meritorious issues that would entitle Turner to relief. *Id.* at 84-95 (*Anders* Brief).

Three months later, on December 7, 2017, the Fourth DCA issued an Order affirming Turner's convictions and sentence *per curiam* without written opinion. *Id.* at 97, 99. Having allowed Turner "a reasonable specified time within which to raise any points that he chose in support of this appeal" and upon "full examination of the proceedings," the Fourth DCA found the appeal "wholly frivolous," and granted counsel's motion to withdraw. *Id.* The Fourth DCA's mandate issued on May 4, 2018. *Id.* at 97, 99, 101. Turner did not appeal this decision to the Florida Supreme Court or file any petition for writ of certiorari with the Supreme Court of the United States.

### D. Post-Conviction Motions

On January 30, 2018, the public defender's office filed a motion in the Winn Dixie Case

seeking to reduce Turner's sentence under Florida Rule of Criminal Procedure 3.800(c).  DE 7-1 at 103-04.  That same day, the same Rule 3.800(c) motion was filed in the Family Dollar Case.  DE 8-2 at 8-9.  In the Family Dollar Case, the motion was set for hearing multiple times and was continued on motion of counsel each time until October 29, 2018 when, according to the court minutes:

| 131 | 10/29/2018 | COURT MINUTES: HEARING: DEFENDANT WAS NOT PRESENT IN OPEN COURT. IN DOC. APD S. COUZENS AND ASA M. LINN WERE PRESENT. COURT TO REVIEW CASE AS TO MITIGATE AND WILL LET DEFENSE COUNSEL KNOW IF DEFENDANT NEEDS TO BE TRANSPORTED. NO FUTURE COURT DATE GIVEN. CS/DC |

DE 8-2 at 3.

On November 9, 2018, the Rule 3.800(c) motion was denied in the Winn Dixie case by the Honorable Steven J. Levin.  DE 7-1 at 106-07.  A review of the state court record reveals no ruling to date on the separate Rule 3.800(c) motion filed in the Family Dollar Case.

On December 6, 2018, Turner filed a *pro se* motion for state postconviction relief under Florida Rule of Criminal Procedure 3.850 challenging his conviction and sentence in both cases based upon ineffective assistance of counsel.  *Id.* at 109-14.  Turner amended that motion on January 11, 2019.  *Id*. at 116-23.  The motion alleged that trial counsel was ineffective for advising Turner that the inoperable BB gun used to commit the robberies was a deadly weapon and there was no way for Turner to get a lesser offense.  According to the motion, had defense counsel properly advised Turner that the issue of whether the BB gun was a deadly weapon was a factual question that could be determined by a jury, Turner would not have pleaded guilty but instead would have proceeded to trial.  On April 1, 2019, the State of Florida responded to the motion.  *Id.* at 125-35.  The Honorable Charles A. Schwab granted Turner's request for an evidentiary hearing and appointed counsel to represent Turner at the hearing.  *Id*. at 206-07.

On September 6, 2019, Judge Schwab held an evidentiary hearing.  *Id.* at 208-81.  Counsel

for both sides were present and Turner testified at the hearing. Turner's trial counsel, Tameka Jackson and Steven Couzens, testified as well.

On January 6, 2020, Judge Schwab denied Turner's 3.850 motion on its merits. DE 7-1 at 285-87.

### E. Post-Conviction Appeal

The Office of Criminal Conflict and Civil Regional Counsel filed a notice of appeal on Turner's behalf, but later moved to withdraw pursuant to *Gant v. State*, 714 So.2d 1116, 1117 (Fla. 4th DCA 1998), based on counsel's conclusion that there was "no error which provides a meritorious basis for an appeal of the Order denying [Turner's] post-conviction Motion alleging ineffective assistance." *Id.* at 293. The Fourth DCA granted counsel's motion to withdraw and gave Turner thirty days to file his appellate brief *pro se*, which Turner filed on September 21, 2020. *Id*. at 296, 298-310. The State of Florida filed an answer brief, DE 7-1 at 312-337, and Turner timely filed a response, DE 7-1 at 339-350. On December 31, 2020, the Fourth DCA *per curiam* affirmed Judge Schwab's order denying Turner's rule 3.850 motion. DE 7-1 at 352. Turner moved for rehearing, DE 7-1 at 354-358, but the Fourth DCA denied his motion and issued its Mandate on February 12, 2021. DE 7-1 at 365, 367.

### F. Federal Habeas Petition

On February 27, 2022, Turner filed the instant §2254 Petition arguing that the trial court's denial of his Rule 3.850 motion involved "an unreasonable determination of the facts because the facts developed at the evidentiary hearing show [Turner] was not properly advised of the possibilities related to the inoperable BB gun prior to his entry of an open plea." DE 1 at 24. Turner argues that if he knew arguing his BB gun was not a deadly weapon could result in acquittal or in a conviction of a lesser included offense, he would have insisted on going to trial.

**DISCUSSION**

Respondent argues that the §2254 Petition is time-barred under 28 U.S.C. § 2244(d) and that the single claim raised by Turner is unexhausted. Turner disagrees. Upon review of the parties' briefing together with the underlying state court records in both cases,[2] I find that the unresolved pending Rule 3.800(c) motion in the Family Dollar Case precludes this Court from reaching Turner's federal § 2254 Petition. At this juncture, Turner's § 2254 Petition is premature.

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")." *Harrington v. Richter*, 562 U.S. 86, 97 (2011). The time limits for filing an application for habeas relief from a state conviction under the statute are set forth in 28 U.S.C. § 2244(d), which provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[2] I take judicial notice of the state court dockets in both the Family Dollar Case (Case No. 562015CF003484A) and the Winn Dixie Case (Case No. 562015CF003452A). As of January 21, 202, the dockets in both cases are publicly available on the St. Lucie County Clerk of Court's website at https://courtcasesearch.stlucieclerk.gov/Benchmark WebExternal/Home.aspx/Search. Federal Rule of Evidence 201 permits a federal court to take judicial notice of state-court records of an inmate's postconviction proceedings because, generally, those records "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020). "Rule 201 does not require courts to warn parties before taking judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes notice." *Id.* Should the parties wish to be heard on this decision to take judicial notice of the state court dockets, they may do so during the period for making any objections.

>> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Thus, "AEDPA requires that a state prisoner seeking habeas relief under Section 2254 bring his federal petition within a year from the date that his state conviction becomes 'final,' either by the conclusion of his direct review or the expiration of time to seek such review." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) (citing 28 U.S.C. § 2244(d)(1)(A); *Carey v. Saffold*, 536 U.S. 214, 216 (2002)). The "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008). Pursuant to § 2244(d)(2), the one-year limitations period will be tolled for the "'time during which a *properly filed* application for State post-conviction or other collateral review' is pending in the state court." *Jones*, 906 F.3d at 1342 (emphasis in original) (quoting 28 U.S.C. § 2244(d)(2)). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

The trigger for the one-year period in this case is the date the judgment became final under § 2244(d)(1)(A). Turner's judgment became final when the 90-day period to seek review in the Supreme Court of the United States closed. *Chavers v. Sec'y, Fla. Dept of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006). The 90-day period began on December 7, 2017—the date the Fourth DCA

affirmed Turner's conviction and sentence. Turner's conviction became final 90 days later, on March 7, 2018. *See id.* (finding that the one-year period began to run 90 days from the date the state appellate court issued its judgment and not from the date the mandate issued). The clock for the federal limitations period thus started running the next day, **March 8, 2018**. *See* Fed. R. Civ. P. 6(a) (when computing a time period for the occurrence of an event specified by the law, courts should "exclude the day of the event that triggers the period").

On January 30, 2018, *before* Turner's judgment and sentence became final, Turner filed a motion to reduce sentence under Florida Rule of Criminal Procedure 3.800(c). The motion asserted that the weapon used was an inoperable BB gun that was never pulled or aimed; that Turner scored a lowest permissible sentence of 144 months in state prison; and that the State had not sought to classify Petitioner as a habitual felony offender. Notably, Turner filed this same motion in both the Family Dollar Case and the Winn Dixie Case.

In the Family Dollar Case, the court set the Rule 3.800(c) motion for a hearing. A review of the state court record confirms that hearings were held on May 7, 2018, June 1, 2018, July 16, 2018, August 20, 2018, and September 17, 2018. At each of these hearings, Turner was not present in open court but his counsel appeared. Each time, at Turner's counsel's request, the Court continued the hearing on the Rule 3.800(c) motion to reduce sentence to a new date. Ultimately, the case was "set for hearing in regards to motion to reduce sentence on 10/29/2018." Then, on October 29, 2018, the court minutes state as follows:

| 131 | 10/29/2018 | COURT MINUTES: HEARING: DEFENDANT WAS NOT PRESENT IN OPEN COURT. IN DOC. APD S. COUZENS AND ASA M. LINN WERE PRESENT. COURT TO REVIEW CASE AS TO MITIGATE AND WILL LET DEFENSE COUNSEL KNOW IF DEFENDANT NEEDS TO BE TRANSPORTED. NO FUTURE COURT DATE GIVEN. CS/DC |
|---|---|---|

Family Dollar Case state court docket, DE 131, filed 10/29/2018.

On November 13, 2018, the state court issued an order in the Winn Dixie Case finding the Rule 3.800(c) motion to be timely filed but summarily denying the motion. No similar order appears in the Family Dollar Case docket.

Consistent with longstanding U.S. Supreme Court precedent, the filing of a motion to reduce sentence is considered a tolling motion. *Wall v. Kholi*, 562 U.S. 545, 547-48 (2011); *Green v. Sec'y, Florida Dep't of Corr.*, 716 Fed. Appx. 877, 879-80 (11th Cir. 2017); *Williams v. Sec'y, Fla. Dep't of Corr.*, 2023 WL 346669, at *3 (S.D. Fla. Jan. 20, 2023), *certificate of appealability denied*, 2023 WL 5675501 (11th Cir. Aug. 23, 2023) (citing *Wall* and finding that "the Supreme Court has decided that a Rule 3.800(c) motion qualifies as one for collateral review, thus tolling the one-year statute of limitations on petitions for federal habeas relief"); *see also* 28 U.S.C. § 2244(d)(2) (tolling the time period during the pendency of a state court motion for postconviction relief). Here, this means that Turner's filing of a Rule 3.800(c) motion on January 30, 2018 automatically tolled the federal one-year statute of limitations before the clock was even set to begin on March 8, 2018. The parties agree on this point. DE 6 at 7-8; DE 8 at 3.

However, the parties disagree about whether the later November 13, 2018 state court order in the Winn Dixie Case ended this tolling period. Respondent argues it did and, based on Respondent's calculations, asserts that Turner had until January 19, 2022 to timely file his § 2254 petition. DE 6 at 7-8. In his reply, Turner counters that "because the Rule 3.800(c) motion is still pending [in the Family Dollar Case], the period remained tolled until [Turner] filed the instant § 2254 petition on February 27, 2022." DE 8 at 3.

Turner raises a fair point. Upon review, it is not clear that the November 13, 2018 state court order filed in the Winn Dixie Case also resolved the Rule 3.800(c) motion filed in the Family Dollar case. The state court order bears only the case number of the Winn Dixie Case and is a

summary one-page denial. *See* DE 7-1 at 106 (Order Denying Motion to Reduce Sentence). Turner was charged in two separate cases involving separate robberies on separate dates. He pled no contest to all counts charged in both cases and he was sentenced in both cases as reflected in separate final judgments filed in each case. Each case has its own state court record. The later postconviction proceedings are reflected in both cases and the briefing and final state court order denying motion for postconviction relief includes both case numbers making it clear that the order applies with equal force in both cases. *See id.* at 285. The same is not true of Turner's Rule 3.800(c) motion. On the plain face of the state court dockets, Turner's Rule 3.800(c) motion was denied in one case but not the other. This being the case, the AEDPA clock is and remains stopped until there is a ruling on the Rule 3.800(c) motion filed in the Family Dollar case.

The Rule 3.800(c) motion counts as a tolling motion that must be exhausted before Turner's federal § 2254 Petition may be heard. *See Smith v. Jones*, Case No. 16-14098-Civ-Lynch/Rosenberg, 2016 WL 11673312, at *1 (S.D. Fla. May 17, 2016), *report and recommendation adopted,* 2016 WL 11673311 (S.D. Fla. June 6, 2016) (dismissing without prejudice § 2254 petition as premature where a Rule 3.800 motion remained pending in state court thereby leaving state remedies unexhausted). There is the high potential that the legal issue that Turner raises in his Rule 3.800(a) motion is cognizable in this § 2254 proceeding, and if Turner were to prevail on his Rule 3.800(a) motion, his sentence could potentially be shortened. The case law governing habeas proceedings strongly favors complete exhaustion of state court remedies before a petitioner seeks § 2254 relief. *Id.* at 2 (citing *Jurkowich v. Buss*, 2011 WL 6076337, *4 (N.D. Fla. 2011) (emphasizing the "total exhaustion rule" and its reasons).

When, as here, a federal habeas petition raises claims that have not been exhausted in state proceedings, the district court ordinarily must dismiss the petition, "leaving the prisoner with the

choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1351 (11th Cir. 2004) (internal quotation marks omitted). In certain "limited circumstances," however, the court can grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim—but only when doing so is necessary in "protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued." *Rhines v. Weber*, 544 U.S. 269, 276-79 (2005). In *Rhines*, the Court affirmed a stay of the petition because "if the District Court had dismissed *Rhines'* mixed petition at that point, he would have been unable to refile in federal court after exhausting the unexhausted claims." *Id.* at 272–73.

The facts in this case do not fit within the "limited circumstances" described in *Rhines*. Turner's pending Rule 3.800(a) motion qualifies as a tolling motion that raises the issue of the alleged inoperable BB gun that is at the heart of Turner's asserted claim for ineffective assistance of counsel. Turner has time remaining on the AEDPA clock and he has time to refile a federal habeas petition after he has exhausted his claims. *See Smith*, 2016 WL 11673312, at *3 (S.D. Fla. May 17, 2016), *report and recommendation adopted*, 2016 WL 11673311 (S.D. Fla. June 6, 2016) (denying motion to stay and abey even though petitioner had 19 days remaining on the AEDPA clock because, regardless, all claims are unexhausted, making the pending habeas petition premature). Dismissal without prejudice to re-file is the more practical course of action.

## CONCLUSION

Based on the foregoing, I respectfully **RECOMMEND** that Turner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, DE 1, be **DISMISSED WITHOUT PREJUDICE** to re-file after he exhausts his state remedies.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose E. Martinez. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 21st day of January, 2025.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE