UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case Number: 22-14080-CIV-MARTINEZ-MAYNARD

TIMOTHY TURNER,

    Petitioner,

v.

SECRETARY RICKY D. DIXON,

    Respondent.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**THIS MATTER** was referred to the Honorable Shaniek Mills Maynard, United States Magistrate Judge, for a report and recommendation ("R&R") on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Petition"), (ECF No. 1). (ECF No. 3). Judge Maynard issued an R&R recommending that the Petition be dismissed without prejudice. (ECF No. 10). Specifically, Judge Maynard found that the unresolved pending Rule 3.800(c) motion in one of the two the underlying state cases[1, 2] renders the Petition premature. (ECF No. 10 at 6). Judge Maynard also

---

[1] The Court takes judicial notice of the state court dockets in both the Family Dollar Case (Case No. 562015CF003484A) and the Winn Dixie Case (Case No. 562015CF003452A). As of February 12, 2025, the dockets in both cases are publicly available on the St. Lucie County Clerk of Court's website at https://courtcasesearch.stlucieclerk.gov/Benchmark WebExternal/Home.aspx/Search. Federal Rule of Evidence 201 permits a federal court to take judicial notice of state court records of an inmate's post-conviction proceedings because, generally, those records "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–52 (11th Cir. 2020).

[2] Petitioner's claims derive from conduct in two underlying state court cases the Family Dollar Case and the Winn Dixie Case. Petitioner pled no contest in both cases to three total robbery charges. Petitioner was represented by the same counsel in both cases and argues ineffective assistance of counsel in both cases on the same grounds in a consolidated appeal.

found that a stay is not warranted, and rather, "[d]ismissal without prejudice to re-file is the more practical course of action." (*Id.* at 11).

Petitioner objects. His position is that the Magistrate Judge's approach of determining whether the Court should hold the proceedings in abeyance is flawed. (ECF No. 11). Petitioner argues that he had good cause for his failure to exhaust his claims, the unexhausted claims are not plainly meritless, and there is no indication that he engaged in abusive litigation practices or intentional delay. (*See* ECF No. 11). Accordingly, Petitioner argues, the Court should stay and hold the proceedings in abeyance until Petitioner can obtain a ruling on his 3.800(c) motion in the Family Dollar Case. (ECF No. 11).

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). A district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. *Id.*; *Williams*, 681 F.2d at 732. Accordingly, the Court has undertaken a *de novo* review of the portions of the R&R objected to by Petitioner.

If a federal habeas corpus petition is "mixed" with exhausted and unexhausted claims, "[a] district court should grant a stay and abeyance if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *Thompson v. Sec'y for Dept. of Corr.*, 425 F.3d 1364, 1365–66 (11th Cir. 2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).

2

Petitioner argues that "[t]he state court's failure to rule on Petitioner's 3.800(c) [motion] otherwise constitutes good cause because 3.800(c) is a discretionary motion and the failure to rule is attributable to the lower court's noncompliance with Rule 2.215(g)(1), *Fla. R. Gen. Prac. & Jud. Admin.*, which requires the entry of an order after a reasonable time." (ECF No. 11 at 3). Petitioner cites to *Cook v. Fla. Parole & Prob. Comm'n.*, 749 F.2d 678, 680 (11th Cir. 1985) to support his argument that the delay in state court proceedings excuses the exhaustion requirement. (ECF No. 11 at 3). However, "it would be inappropriate to waive the exhaustion requirement where the petitioner has a viable state procedure available at the same time he files his federal petition." *Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986). Petitioner does not argue that there was not a viable state procedure available at the time he filed his Petition. Based on the information available to the Court, the state's delay, while not insignificant, does not rise to the level of what is required for excusal. Petitioner does not set forth other arguments as to how the good cause requirement is met.

The Court, having conducted a de novo review of the record and issues presented Petitioner's Objections, agrees with Judge Maynard that (1) at this juncture and on the briefing provided, Petitioner has not exhausted his state claims; and (2) the most practical course of action is to dismiss the Petition without prejudice for Petitioner to re-file when he has exhausted his state claims or amend his Petition to include only exhausted claims. Accordingly, Petitioner's Objections, (ECF No. 11), are **OVERRULED**.

After careful consideration, it is hereby **ADJUDGED** that

1. United States Magistrate Judge Maynard's Report and Recommendation, (ECF No. 10), is **AFFIRMED AND ADOPTED**.

2.  The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1), is **DENIED without prejudice**.

3.  Petitioner may re-file his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 once his state claims are exhausted or he may "amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims." *Rhines*, 544 U.S. at 278 (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

4.  This case is **CLOSED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13 day of February, 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copied provided to:
Magistrate Judge Maynard
All counsel of record

4